THE PEOPLE, PLAINTIFF AND APPELLEE, *v.* ARELLANO,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution
for Slander.

No. 905.—Decided March 10, 1916.

SLANDER.—A statement by a person to a district chief of police that in shameless collusion with the exploiters of the workingmen he had made a false complaint, a frame-up to send the speaker to jail, constitutes a *prima facie* offense of slander within the statutory definition thereof.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendant, appellant, was twice convicted of slander; first in the Municipal Court of Manatí and later, on appeal and after a trial *de novo,* in the District Court of Arecibo, upon a complaint charging the facts as follows:

"That on April 2, 1915, and on Eduardo Giorgetti Street, of Barceloneta, P. R., of the municipal judicial district of Manatí, P. R., the aforesaid defendant wilfully, illegally and publicly uttered the following slanderous words tending to injure the honor, reputation and worthiness of the complainant, to wit: 'Upon arriving here the district chief of police, in shameless collusion with the exploiters of the workingmen, made a false complaint against me, a frame-up (*rancho*) to have me go to jail!'"

It is urged that the complaint does not charge an offense and that the judgment is contrary to the evidence.

That the facts stated constitute a *prima facie* offense within the statutory definition thereof, seems too clear for argument.

The evidence was twice heard and weighed by two different trial judges with the same result. The testimony for the prosecution, if true, leaves no room for doubt as to the guilt of the accused. If the witnesses for the defense are trustworthy it is equally clear that the defendant did not

utter the words imputed to him. As often happens, there was no middle ground upon which either of the trial courts could base a final decision. The mere circumstance that both found the facts to be as stated by witnesses for the prosecution and refused to believe the story told by witnesses for the defense, is no ground for reversal. There is no suggestion of passion or prejudice. A careful examination of all the evidence,—an exhaustive analysis of which would serve no useful purpose,—discloses no such manifest error in weighing the same as would justify this court in disturbing the judgment of conviction, which, therefore, must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.